# EXHIBIT A

All Law Division initial Case Management Dates will be heard via **Zoom** **12-Person Jury**
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 10/20/2022 10:00 AM

FILED DATE: 8/16/2022 4:14 PM 2022L007420

(Attorney Code No. 36211)

FILED
8/16/2022 4:14 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L007420
Calendar, B
19111563

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| PONIJAN, individually and as personal representative of the estate of MULYADI P. TAMSIR, deceased, KATIMAH, SLAMET BOWO SANTOSO, and BUDI SETIO, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE BOEING COMPANY, a corporation, | ) ) ) |
| Defendant. | ) |

2022L007420

Case No.

**PLAINTIFFS DEMAND TRIAL BY JURY**

## COMPLAINT

Plaintiffs, Ponijan, individually and as personal representative of the estate of Mulyadi P. Tamsir, deceased, Katimah, Slamet Bowo Santoso, and Budi Setio, for their Complaint against defendant The Boeing Company, state as follows:

### COUNT I

1. Plaintiff Ponijan is a citizen and resident of Indonesia and is an heir of and the personal representative of the estate of Mulyadi P. Tamsir, deceased. Plaintiffs, Katimah, Slamet Bowo Santoso, and Budi Setio, are citizens and residents of Indonesia and heirs of Mulyadi P. Tamsir, deceased. At the time of his death, Plaintiffs' decedent, Mulyadi P. Tamsir, was a citizen and resident of Indonesia.

2. Defendant The Boeing Company ("Boeing") is a corporation organized and existing under the laws of the State of Delaware which has its principal place of business in, and is a resident of, Cook County, Illinois.

3. On a date prior to January 9, 2021, defendant Boeing designed, manufactured,

assembled and sold a certain Boeing 737-500 aircraft, registration PK-CLC. (the "accident aircraft").

4. On a date prior to January 9, 2021, defendant Boeing also prepared, published, and provided to Sriwijaya Airlines certain instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including a Maintenance Manual (MM), a Quick Reference Handbook (QRH) and a Flight Crew Training Manual (FCTM).

5. After the sale of the accident aircraft, defendant Boeing provided further after-sale service, instruction and advice for the maintenance and operation of the accident aircraft and the training of aircraft flight crews.

6. At the time the accident aircraft left the custody and control of defendant Boeing, it was defective and unreasonably dangerous in one or more of the following respects:

    (a)    the autothrottle was subject to failure and, in fact, on January 3, 2021, and again on January 4, 2021, just days before the subject crash, the pilot of the accident aircraft reported the autothrottle was unserviceable;

    (b)    the autothrottle was subject to the thrust lever for one engine reducing while the thrust lever for the other engine remained the same, resulting in significant differences in power being provided to the engines and causing an upset and a loss of control; and/or

    (c)    the accident aircraft did not provide any warnings of these unreasonably dangerous and defective conditions.

7. At the time the instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including the MM, QRH and FCTM, left the custody and control of defendant Boeing, they were defective and unreasonably dangerous in one or more of the following respects:

    (a)    the instructions and manuals, including the MM, did not provide any, or provided inadequate, instructions and advice as to the maintenance of the accident aircraft so as to prevent failures of the

autothrottle;

(b) the instructions and manuals, including the MM, did not provide any, or provided inadequate, instructions and advice as to the maintenance of the accident aircraft so as to prevent the autothrottle from causing the thrust lever for one engine to reduce while the thrust lever for the other engine remained the same;

(c) the instructions and manuals, including the QRF and the FCTM, did not provide adequate instructions and advice as to recovery of the accident aircraft in the event of an upset;

(d) the instructions and manuals, including the QRF and the FCTM, did not provide any, or provided inadequate, instructions, and advice as to the prevention of an upset of the accident aircraft resulting from the autothrottle causing the thrust lever for one engine to reduce while the thrust lever for the other engine remained the same; and/or

(e) the instructions and manuals, including the MM, QRF and the FCTM, did not provide any warnings of the above-described defective and unreasonably dangerous conditions.

8. On January 9, 2021, the accident aircraft was being operated by Sriwijaya Airlines as Sriwijaya Air Flight SJ 182 from Jakarta to Pontianak, Indonesia ("the accident flight"). The accident flight was a domestic flight within the Republic of Indonesia and was not conducted over international waters or the high seas. Plaintiff's decedent, Mulyadi P. Tamsir, was a passenger on the accident aircraft during the accident flight.

9. As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the accident aircraft and the instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including the MM, QRH, and FCTM, the autothrottle failed within minutes after the accident aircraft departed the runway and while it was over land. The thrust lever for the left engine of the accident aircraft began reducing, while the thrust lever for the right engine remained the same. This condition remained throughout the short duration of the accident flight.

10. As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the accident aircraft and the instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including the MM, QRH, and FCTM, and the resulting failure of the autothrottle, the accident aircraft was caused to go into an upset from which the flight crew was unable to recover and the accident aircraft was caused to go out of control and violently crash killing all those aboard, including the plaintiffs' decedent.

11. Plaintiffs' decedent left his father, Ponijan; his mother, Katimah; and his brothers, Slamet Bowo Santoso and Budi Setio, who are his sole surviving heirs and beneficiaries, and for whose benefit this action is brought.

12. Plaintiffs, as heirs and beneficiaries of decedent Mulyadi P. Tamsir, have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow, and grief as the result of the death of plaintiffs' decedent.

WHEREFORE plaintiffs, Ponijan, individually and as personal representative of the estate of Mulyadi P. Tamsir, deceased, Katimah, Slamet Bowo Santoso, and Budi Setio, through undersigned counsel, pray for the entry of a judgment in their favor and against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of the Law Division of the Circuit Court of Cook County, Illinois, together with attorney fees, costs and prejudgment interest.

## COUNT II

1-10. As paragraphs 1-10 of Count II, plaintiffs reallege paragraphs 1-10 of Count I.

11. That after the initial upset of the accident aircraft and prior to his death, plaintiffs'

decedent Mulyadi P. Tamsir suffered injuries of both a personal and pecuniary nature.

12. Had plaintiffs' decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

WHEREFORE plaintiff, Ponijan, as personal representative of the estate of Mulyadi P. Tamsir, deceased, prays for the entry of a judgment in his favor and against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of the Law Division of the Circuit Court of Cook County, Illinois, together with attorney fees, costs and prejudgment interest.

## COUNT III

1-5. As paragraphs 1-5 of Count III, plaintiffs reallege paragraphs 1-5 of Count I.

6. At all times relevant hereto, defendant Boeing owed a duty to plaintiffs and plaintiffs' decedent to exercise reasonable care in the design, manufacture, assembly, and sale of the accident aircraft and in preparing, publishing and providing to Sriwijaya Airlines certain instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including a Maintenance Manual (MM), a Quick Reference Handbook (QRH) and a Flight Crew Training Manual (FCTM), and in providing further after-sale service, instruction and advice for the maintenance and operation of the accident aircraft and the training of the flight crews, so as to not cause injury to, or the death of plaintiffs' decedent.

7. Defendant Boeing negligently breached the duty of care it owed to plaintiffs and plaintiffs' decedent through one or more of the following negligent acts or omissions:

    (a)    negligently designed, manufactured, assembled and sold the accident aircraft such that the autothrottle system was subject to failure and, in fact, on January 3, 2021, and again on January 4, 2021, just days before the subject crash, the pilot of the accident aircraft reported the autothrottle was unserviceable;

(b) negligently designed, manufactured, assembled and sold the accident aircraft such that the autothrottle system was subject to the thrust lever for one engine reducing, while the thrust lever for the other engine remained the same, resulting in significant differences in power being provided to the engines and causing an upset and a loss of control;

(c) negligently failed to warn of these defective and unreasonably dangerous conditions;

(d) negligently prepared, published and provided to Sriwijaya Airlines instructions and manuals, including the MM, which did not provide any, or provided inadequate, instructions and advice as to the maintenance of the accident aircraft so as to prevent failures of the autothrottle;

(e) negligently prepared, published and provided to Sriwijaya Airlines instructions and manuals, including the MM, which did not provide any; or provided inadequate, instructions and advice as to the maintenance of the accident aircraft so as to prevent the autothrottle from causing the thrust lever for one engine to reduce, while the thrust lever for the other engine remained the same;

(f) negligently prepared, published and provided to Sriwijaya Airlines instructions and manuals, including the QRF and the FCTM, which did not provide adequate instructions and advice as to recovery of the accident aircraft in the event of an upset;

(g) negligently prepared, published and provided to Sriwijaya Airlines instructions and manuals, including the QRF and the FCTM, which did not provide any, or provided inadequate, instructions and advice as to the prevention of an upset of the accident aircraft resulting from the autothrottle causing the thrust lever for one engine to reduce, while the thrust lever for the other engine remained the same;

(h) negligently failed to provide in the instructions and manuals, including the MM, QRF and the FCTM, any warnings of the above-described defective and unreasonably dangerous conditions; and/or

(i) negligently failed to provide adequate and proper training, instruction and guidance as to the appropriate maintenance and operation of the accident aircraft.

8. On January 9, 2021, the accident aircraft was being operated by Sriwijaya Airlines as Sriwijaya Air Flight SJ 182 from Jakarta to Pontianak, Indonesia. The accident flight was a

domestic flight within the Republic of Indonesia and was not conducted over international waters or the high seas. Plaintiff's decedent, Mulyadi P. Tamsir, was a passenger on the accident aircraft during the accident flight.

9. As the direct and proximate result of one or more of the aforesaid negligent acts or omissions of defendant Boeing, the autothrottle failed within minutes after the accident aircraft departed the runway and while it was over land. The thrust lever for the left engine of the accident aircraft began reducing, while the thrust lever for the right engine remained the same. This condition remained throughout the short duration of the accident flight.

10. As the direct and proximate result of one or more of the negligent acts and omissions of defendant Boeing and the resulting failure of the autothrottle, the accident aircraft was caused to go into an upset from which the flight crew was unable to recover and the accident aircraft was caused to go out of control and violently crash killing all those aboard, including the plaintiffs' decedent.

11. Plaintiffs' decedent left his father, Ponijan; his mother, Katimah; and his brothers, Slamet Bowo Santoso and Budi Setio, who are his sole surviving heirs and beneficiaries, and for whose benefit this action is brought.

12. Plaintiffs, as heirs and beneficiaries of decedent Mulyadi P. Tamsir, have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow, and grief as the result of the death of plaintiffs' decedent.

WHEREFORE plaintiffs, Ponijan, individually and as personal representative of the estate of Mulyadi P. Tamsir, deceased, Katimah, Slamet Bowo Santoso, and Budi Setio, through undersigned counsel, pray for the entry of a judgment in their favor and against defendant The

FILED DATE: 8/16/2022 4:14 PM 2022L007420

Boeing Company for an amount in excess of the minimum jurisdictional amount of the Law Division of the Circuit Court of Cook County, Illinois, together with attorney fees, costs and prejudgment interest.

## COUNT IV

1-10. As paragraphs 1-10 of Count IV, plaintiff, Ponijan, as personal representative of the estate of Mulyadi P. Tamsir, deceased, realleges paragraphs 1-10 of Count III.

11. That after the initial upset of the accident aircraft and prior to his death, plaintiffs' decedent Mulyadi P. Tamsir suffered injuries of both a personal and pecuniary nature.

12. Had plaintiffs' decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

WHEREFORE plaintiff, Ponijan, as personal representative of the estate of Mulyadi P. Tamsir, deceased, prays for the entry of a judgment in his favor and against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of the Law Division of the Circuit Court of Cook County, Illinois, together with attorney fees, costs and prejudgment interest.

NOLAN LAW GROUP

*/s/ Thomas P. Routh*
Attorney for Plaintiff

Attorney Code No. 36211

Thomas P. Routh, Esq.
NOLAN LAW GROUP
20 North Clark Street
30th Floor
Chicago, Illinois 60602
Tel: (312) 630-4000